**ERNEST BENJAMIN, Plaintiff**

**v.**

**ENRIQUE GARCIA and DAISY GARCIA, Defendants**

Civil No. 141-1975

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

September 22, 1975

**HOFFMAN,** *Judge*

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came on for a hearing on September 19, 1975. Plaintiff appeared in his own person and through his counsel, John W. Newman, Esq. Defendant Enrique Garcia appeared in his own person. Defendant Daisy Garcia did not appear and was held in default, having been served on March 18, 1975, May 16, 1975 and September 9, 1975 and having filed her answer on July 7, 1975.

The following witnesses presented sworn testimony on behalf of the plaintiff:

Ernest Benjamin
Patrolman Benito Dawson
Hypolito Amaro
George Leerdam
Rupert Tuitt
Irvin Colburne

The defendant offered no testimony and presented no evidence. He did, however, cross-examine plaintiff's witnesses.

From all the evidence presented, the Court enters the following:

### FINDINGS OF FACT

1) That on November 5, 1975, the defendant Daisy Garcia was operating a motor vehicle owned by the defendant Enrique Garcia, to wit, a 1970 Dodge Sedan, in the vicinity

of Hospital Line and Norre Gade in St. Thomas at approximately 4:00 p.m.

2) That at the same time and place the plaintiff was operating his vehicle, a 1970 Maverick.

3) That the plaintiff, facing south on Hospital Line, was waiting for the traffic light at Norre Gade to turn from red to green.

4) That when said traffic light did so change, the plaintiff in his vehicle entered the intersection and was struck by the vehicle operated by the defendant Daisy Garcia.

5) That the defendants' vehicle entered the intersection from west to east on Norre Gade despite the fact that the traffic light was red in that direction.

6) That as a direct result of the collision the plaintiff's vehicle suffered damages in the amount of $585.25.

### CONCLUSIONS OF LAW

I conclude as a matter of law:

1) That the defendant Daisy Garcia was negligent by failing to observe the red traffic light and entering the intersection without the right of way.

2) That the plaintiff was in no way negligent in the operation of his vehicle.

3) That the negligence of defendant Daisy Garcia was the proximate and direct cause of the damage to plaintiff's vehicle.

4) That as owner of the vehicle defendant Enrique Garcia is likewise liable for the negligence of Daisy Garcia.

5) That plaintiff is entitled to judgment against both the defendants in the sum of $585.25 plus costs and a reasonable attorney's fee.

Let judgment enter accordingly.

417

## JUDGMENT

The Court, having this day entered its Findings of Fact and Conclusions of Law in this matter, hereby

ORDERS, ADJUDGES, AND DECREES that the plaintiff shall have and hereby has the judgment against the defendants, Enrique and Daisy Garcia, in the sum of $585.25 plus costs in the amount of $25.00 and an attorney's fee in the sum of $250.00.

Judgment is stayed for a period of ten days.

It is so ordered.

## ORDER

Plaintiff's Motion for Sanctions dated September 19, 1975 is hereby denied. While the Court feels that the conduct of the defendants, especially Mr. Garcia, in this matter has been without justification (as evidenced by Exhibit #1 annexed to plaintiff's Motion dated June 27, 1975), nonetheless the Court believes that Mr. Garcia's conduct was more a product of ignorance than of contempt for the orderly processes of the law. For this reason, I will not impose any sanctions upon the defendants, other than the award of costs and a reasonable attorney's fee.

It is so ordered.